Mr. Mancini. Good morning, Your Honor. Your Honors, this case is one of a petition for review of an order of the Board of Immigration Appeals, a single-member order consisting of three paragraphs. It is the position of the petitioner that that order, that decision and order is incorrect for three reasons, which I will reverse, but nevertheless. The first argument in favor of a reversal, I believe, is that the case of Perenedge, which has been briefed and forms a large part of our argument. The Board of Immigration, the single member of the Immigration Judge, the respondent has identified no legal authority supporting equitable tolling of the deadline of Section 245I of the Act. The respondent then contradicts herself by saying the respondent relies upon Perenedge versus Mukasey, which is indeed ample authority for the position which we're taking, which is that Perenedge does allow precisely the relief we're asking for, which is equitable tolling of the statute Section 245I of the Act on the basis of ineffective assistance of counsel. The Perenedge is only partially quoted, well actually not quoted, but referred to here. The board member says the Perenedge court only declined to address whether ineffective assistance of counsel could serve as a basis for equitable tolling. That's not what That's correct. They said they're giving the board the opportunity to make the initial determination, which I think is proper, but it says mute pro tonque. It doesn't say they were never going to go back to the issue. It was remanded for the purpose of addressing the question of whether the equitable tolling should be allowed, but that's not what happened. When it got back to the BIA, the BIA in said, consistent with the Second Circuit's order, we hereby remand this matter to the immigration judge to make the additional factual and legal determinations mandated by the Second Circuit. Upon remand, the parties should also address whether ineffective assistance of counsel may constitute an exception to the April 30th, 2001 statutory deadline in Section 245I of the Immigration Nationality Act. We deny the Department of Homeland Security's motion for a limited remand and return jurisdiction over these proceedings to the immigration judge. At the remand back to the immigration judge, the Department of Homeland Security adjusted Mr. Piranich with no written opinion and the judge, there's nothing but an adjustment. So the issue was not decided. The court, the Second Circuit, would not have remanded this case if it believed that there was a statute of repose involved because what would be the point of a Lozada determination when there was no equitable relief available anyway? I thought the way they were looking at it was what's the point of deciding the issue because there may not be an ineffective assistance problem here. I mean, don't courts generally try to do as little as possible? Sounds wrong, but you know what I mean. Not decide big questions unnecessarily. True, Your Honor, but I think the pro tonque is an important bit of Latin there. I don't think they're going to leave it, let it go, because this issue has not been decided. I mean, in this circuit, yes. We may just differ on sort of the import of what happened in the Second Circuit, but here we are in the Fourth Circuit and I guess I'm saying I just look at this statute and it sure looks like a statute of repose. It's not, you know, it's a date certain. It's not sort of a variable date depending on the happening of certain events. So what's the, explain to me putting the Second Circuit to one side why this looks to you like a statute of part of the argument as well, and it has to be. I do not believe it is a statute of repose. I believe it is a statute of limitations for two good reasons, I hope. One is that it's not, the service, the government briefs call it, and I, a hard date statute, one which admits of no, it's a deliberate statutory date certain qualifications, considerations, or variables. I don't think that's true. The purpose of this act was ameliorative. It was remedial. It was to be an exception to the general rule of non-adjustability for Section 24, under Section 245A. It's, it's not a, it's not supposed to be construed with anything other than, quotes, flexibility in this issue. The, I don't think the fact that a date appears is the determinative, at least the cases that I was, that I read, is not the determinative of whether it's a statute of repose versus a statute of limitations. There are, as, as the Harris Court said, there's no bright-line rule. It doesn't exist because this is an import from equity, and equity is to be done. But if you look at the Supreme Court's ruling in Brockamp, which is in the briefs, a tax statute setting forth the limitation in unusually emphatic form, expressly stating that time-barred actions shall be considered erroneous, did not permit equitable tolling. This doesn't say that. Mr. Mancini, the fact that the statute is intended to be ameliorative, is it really the end of the bandit, Congress giveth and Congress can take it away? I mean, this was the end of treating a class of individuals affirmatively, especially. Was it not? Your Honor, yes, Congress can give and Congress can take away within the parameters of the Constitution. Right. So. We're not arguing that, is this a Fifth Amendment? Oh yeah, most definitely, Your Honor. But the language doesn't seem to suggest that it is, is there language in the statute itself, apart from the way you think we should construe similar statutes that supports your argument that there is flexibility built in? No, Your Honor, there is only a lack of language. For instance, in the Carrillo case in the Ninth Circuit, they looked at the diversity lottery statute. That statute says, shall, and uses the word only, be the only method of obtaining a visa under that particular statute. This doesn't use the word only. But it uses on or before. It does, and that's a date, but that's not, it is our position that the use of a date is not, in and of itself, determinative whether it's a statute of limitation or statute of repose. Well, I, my understanding of the of the cases is that has to be one or the other. Well, it, if it's, if it doesn't meet the definition of a statute of repose, it was, it is a statute of limitations. A certain action must be taken by a certain, by a certain date. That's the definition of the statute of limitations, or action commenced by a certain date. But that is forgivable. Yes, Your Honor. I'm far more familiar with statutes of limitations running for two years or three years or whatever past a certain event, which may or may not even be an event certain. It could be from the time when a party realizes he or she has a cause of action. Yes, Your Honor. As I said, this, these terms, although we're here in an immigration law case, are imports, not just from equity, but from tort. Almost every reported case is a question of tort law, and it involves questions that you have just, except for Harris. I'm running out of time, but except for Harris, which was involved the AEDPA, which was found to be a statute of limitations and not a statute of repose by this court. And that, I think, was was absolutely correct. And that was one year. The legislative history seems to indicate that Congress sort of thought about this problem, and the solution they proposed is that maybe INS should consider that it would take applications if they came in before the April 30th sunset date. They referred to it as a sunset date. Even if they didn't already have all the supporting material, and then maybe allow for the supporting material to come in a little bit later. Doesn't that suggest that Congress actually intended this thing to operate as a pretty hard cutoff, at least for the original application? Yes, Your Honor, that was one of the suggestions. That was Senator Kennedy's suggestion. But my point is that congressional intent, if that's what your question, if that's what Congress intended, it is still subject to, my understanding, to IACA, ineffective assistance of counsel claim. Because if there's no remedy at law, there is only an equitable remedy involved here. He, this man can't go after Earl David in a matter of a sunset. I mean, there's no point trying to get his $5,000 back. There's only an equitable remedy, and that's equitable tolling. But that would, in effect, give him his Fifth Amendment rights back, a la Piranesi. I'm sorry, are you making a different argument now? I'm moved on to... Can I ask you to stick with the old argument? Doesn't the legislative, as I read the legislative history, if there were any ambiguity on the face of the statute, the legislative history would sort of clear up that this was intended as a statute of repose, and not a statute of limitations. I don't know, Your Honor. The only thing there is is Senator Kennedy's remark. You've quoted part of it just now. I'm aware of no statute where the, maybe this is wrong, no statute where the, where the legislature has said, this is to, except for the one I gave you, this is to be treated as a statute of repose, or not a statute of limitations, or vice versa. Excuse me, what about the fact that Congress acted three times to extend the statutory cutoff? I mean, doesn't that suggest that it intended to retain complete control over the parameters of the class that is entitled to relief under the provisions? That, that may be the case, Your Honor, but I, if I may go back to the argument that I started, but I, which, which is that, that congressional intent is certainly important in this, in this matter, but it doesn't, it doesn't reach the issue of whether or not that can still be waived, excuse me, equitably toll, tolled, because that power remains, it's my understanding, in, in any court under the Judicature Act of 1873. So courts, in your view, have the authority to allow equitable tolling under a statute of repose? I believe that they do, yes, Your Honor, under these circumstances. Well, then what's the difference between the statute of limitations and the statute of repose, in your view? The, the difference, in my view, is connected to the ineffective assistance of counsel. I, I should put note what I just said, in this manner, which is, what I said is only true where there has been effective assistance of counsel and not otherwise. So, that's the only reason that would be a carve-out to the general principle that statutes of repose? Correct, Your Honor, that's, that is my belief of the, in my belief, reading the precedent decisions. So, your position, if I understand what you just described, is that courts have an inherent authority to prescribe, prescribe equitable tolling to a statute of repose, notwithstanding the plain language of the judge. I believe that the court has that, an Article 3, Section 2 court, has that power, setting in all cases of law and equity. Thank you very much, Mr. Mancini. We will now hear from Mr. Bocchini, did I correct, we pronounce that? Thank you. May I please report, Walter Bocchini, for the Department of Justice. I try not to be a lair point, Your Honor, but the court should deny this petition for review. Your Honor, before you respond to counsel's last argument, do you believe that courts have the inherent authority to grant equitable tolling in a statute of repose, contrary to the plain language of the statute that found it to have plain language? Well, I believe that there is precedent in this court, in Supreme Court, that says otherwise. Courts cannot go against the intent, congressional intent of Congress when it is clear, and it is clear here because this Congress did create a date certain deadline, independent of any variable, that is a precondition for eligibility for adjustment of status under this 1255I provision, and those are characteristics of statute of repose, and they're not subject to equitable tolling. I think that's been recognized in every circuit and the Supreme Court, so that's how I would respond to that question, Your Honor. Can I ask you, are there any regulatory exceptions to the sunset date? I mean, I understand there are no statutory exceptions, but I'm not that familiar with all of the regulations. There are no regulatory exceptions. Not that I'm aware of, Your Honor. It's always been treated by a hard deadline, and including in the legislative history, as Your Honor picked up. So, given that it's at the hard deadline, it's clear that a statute of repose, we don't have a lot of date certain deadline on it, and I would argue that that is the clearest kind of the statute of repose, the strongest indication that there is one, because it is so independent and reflects a public policy of Congress to cut off a very limited kind of benefit that was created back in 2000, or rather extended, because it has been extended before by Congress, and that again points to it being a statute of repose. As there is, as it is a statute of repose, there can be no equitable tolling, and the court should not be in a position for review. And unless the court has further questions, we'll address them on my briefs. So, assuming that there is no equitable tolling, is there any discretionary relief available to Mr. Prasad? I mean, it is a pretty sympathetic case, right? He seems to have missed his deadlines, he's no quality of his own. He's undergoing cancer treatment. Is there some other avenue he can pursue? Well, Your Honor, I did reach out to counsel in this case with respect to prosecutorial discretion, and he indicated that he wished to proceed forward with the case, because he is, in the end, pursuing a much greater benefit than he could get under the President's Executive Authority, or under DHS's prosecutorial discretion. He wants to adjust the status, which means that he could be able to petition for his family members, and within time, even become an interstate citizen. And that is completely inconsistent with the statute, so that cannot happen, but we did offer to pursue prosecutorial discretion. He indicated that he wished to go forward with the case. Thank you very much. Thank you, Your Honor. Mr. Mancini, you reserve some time for rebuttal. Just one more point, Your Honor. Judge Harris asked if there were any regulatory exceptions to the statutory deadline. Indeed, there are not. However, there is a memorandum of understanding from Mr. Yates, who was the then chief of these matters at then INS, which in fact expanded the class to include persons who were not the beneficiaries of labor certifications or immigrant visa petitions before April 30, 2001, after acquired spouses and children, which appear nowhere in the statute. And that would be, to me, an argument that this cannot be a statute of opposed, because they were not qualified. They simply were not. At the time, on April 30, 2001, the relationship didn't even exist. Thank you. Thank you, Your Honor. We will come down to council and take a brief recess.
judges: Allyson K. Duncan, G. Steven Agee, Pamela A. Harris